CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 19, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ADRIAN ISAIAH GRAY,** | )<br>) |
| Petitioner, | )<br>) Case No. 7:23CV00776<br>) |
| v. | ) **OPINION**<br>) |
| **DIRECTOR OF DOC,** | ) J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small><br>) |
| Respondent. | )<br>)<br>) |

*Adrian Isaiah Gray*, Pro Se Petitioner; *Matthew J. Beyrau, Assistant Attorney General*, O<small>FFICE OF THE</small> A<small>TTORNEY</small> G<small>ENERAL</small>, *Richmond, Virginia*, for Respondent.

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition), Adrian Isaiah Gray, a Virginia inmate proceeding pro se, contends that he is entitled to a belated appeal of two state court criminal convictions.[1] Upon

---

[1] On its face, the Petition appears to seek belated appeals on two separate Orders by the Circuit Court for the City of Lynchburg after two separate jury trials. In both cases, court-appointed attorneys failed to file notices of appeal, and Gray had to resort to filing state habeas petitions to seek belated appeals, which the Supreme Court of Virginia granted to him in both cases. In Gray's response to the respondent's Motion to Dismiss however, he asserts that he only seeks relief as to the Order convicting and sentencing him for malicious wounding and use of a firearm in the commission of a felony. Therefore, this Opinion will address only Gray's claim seeking a belated appeal of the Order as to these two convictions, CR15000040-05 and -06.

In any event, Gray was able to pursue a belated appeal of the separate Order in CR15000040-02, convicting him of possession of a firearm as a convicted felon. State court records online indicate that the Supreme Court of Virginia considered and refused

review of the record, I conclude that the respondent's Motion to Dismiss must be granted because Gray's Petition was not timely filed.

## I. Background.

Gray challenges his confinement under an Order by the Circuit Court for the City of Lynchburg, dated August 6, 2018, convicting him of malicious wounding and use of a firearm in the commission of a felony, CR14000040-05 and -06. For these offenses and another offense not challenged here, the court sentenced Gray to a total of twenty years in prison.

The underlying offense conduct occurred on October 11, 2014. The jurors found from the evidence that Gray shot Marcus McCarthy three times in the parking lot outside of Toppers Bar and Grill in the City of Lynchburg. McCarthy survived the shooting, but he was severely injured.

Gray sought to appeal his convictions for malicious wounding and use of a firearm, CR15000040-05 and -06. Court-appointed trial counsel for these charges failed to file a notice of appeal. Gray submitted a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging ineffective assistance of counsel regarding his desire to appeal. By Order dated September 10, 2020, the Supreme Court of Virginia found grounds for relief and granted leave for Gray to

---

that appeal on February 7, 2024. Therefore, any claim seeking an appeal in that case is moot.

file a notice of appeal in the circuit court and apply to the Court of Appeals of Virginia to pursue a delayed appeal of those convictions, No. 190964.  Br. Supp. Mot. Dismiss Ex. 10, ECF No. 11-10.  The Supreme Court's Order stated that all computations of time would start on the date of the entry of the Order or an Order by the circuit court appointing counsel for Gray, which ever was later.  *Id.*

The circuit court appointed new counsel for Gray on October 16, 2020 — P. Scott De Bruin.  *Id.* at Ex. 11, ECF No. 11-11.  De Bruin failed to file a timely notice of appeal on Gray's behalf.[2]  As a result, on June 11, 2021, the court of appeals dismissed Gray's appeal.  *Id.*

On April 3, 2023, Gray filed another pro se petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging ineffective assistance on the belated appeal.[3]  *Id.* at Ex. 12, ECF No. 11-12.  On June 21, 2023, the Supreme Court of Virginia dismissed Gray's habeas petition, finding that it was barred by the one-year statute of limitations in Virginia Code Ann. 8.01-654(A)(2), because

---

[2]  Gray has attached a letter from De Bruin to the Virginia State Bar, dated April 25, 2023, stating that when De Bruin received the appointment to represent Gray on appeal, he did not receive any supporting documentation and was not informed that prior counsel had not filed a notice of appeal.  Pet. Attach. 42, ECF No. 1-1.  De Bruin explained that by the time he received the necessary documentation, the 30-day notice of appeal period had expired.  *Id.*  When De Bruin learned that no notice of appeal had been filed, he moved for an extension in the Lynchburg Circuit Court, which was granted; he then filed a notice of appeal and a petition for appeal.  *Id.*  The Court of Appeals of Virginia, however, denied the appeal as untimely.  *Id.*

[3]  The envelope in which Gray mailed this habeas petition indicates that he placed it in the prison mail system on April 3, 2023.  The Supreme Court of Virginia deemed this petition to have been filed on that date.  Va. Sup. Ct. Rule 5:5(d).

he did not file the petition within one year of the court of appeals' June 11, 2021, dismissal Order, No. 230243. *Id.* at Ex. 13, ECF No. 11-13.

The record indicates that Gray placed the present federal habeas petition in the prison mailing system on November 22, 2023. He alleges that his state court appellate counsel was ineffective, and as relief he seeks appointment of qualified counsel and a delayed direct appeal of his convictions for malicious wounding and use of a firearm.

The respondent has filed a Motion to Dismiss, arguing that Gray's federal habeas claim is untimely under 28 U.S.C. § 2254(d)(1). Gray has filed a response, making the motion ripe for disposition.

## II. Discussion.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The federal filing period is tolled during the time when a properly filed state post-conviction proceeding is pending. 28 U.S.C. § 2244(d)(2).

Under § 2244(d)(1)(A), Gray had one year from the date on which his convictions became "final by the conclusion of direct review or the expiration of the time for seeking such review." The Court of Appeals of Virginia dismissed Gray's delayed appeal of his malicious wounding and use of a firearm convictions on June 11, 2021. From that date, Gray had thirty days to appeal that decision to the Supreme Court of Virginia — until July 12, 2021. When no appeal was filed by that date, Gray's convictions became final for purposes of § 2244(d)(1)(A). Gray filed his federal petition on November 29, 2023, at the earliest.[4] Therefore, it was untimely under § 2244(d)(1)(A).

Given Gray's allegations, I must also calculate Gray's filing period under § 2244(d)(1)(D). Under this section, the one-year limitation period does not begin to run until the factual predicate for Gray's claim could have been discovered with

---

[4] For purposes of this opinion, I will consider the Petition to have been filed as of the date on the postmark of the envelope in which the court received Gray's Petition and assume without finding that Gray also properly delivered it to prison officials on that date for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

due diligence. In Gray's case, the factual predicate is attorney De Bruin's failure to timely file a notice of appeal in the delayed appeal of Gray's malicious wounding and use of a firearm convictions. The Court of Appeals of Virginia dismissed this delayed appeal by Order dated June 11, 2021. Gray's attachments to his federal petition indicate that he had actual knowledge of De Bruin's untimely filing of the notice of appeal (the factual predicate of his federal habeas claim) in time to have filed a timely federal petition.

In a letter dated May 2, 2022, Gray asked the Court of Appeals of Virginia for reconsideration of its decision, Record No. 190964, to dismiss the delayed appeal handled by attorney De Bruin, Record No. 1354-20-3. Pet. Attach. 20-22, ECF No. 1-1. Gray's letter acknowledges his receipt of an earlier letter from the court of appeals, dated March 24, 2022, on the status of his case. Gray then states in the May 2 letter that he "was clearly issued ineffective assistance of counsel whereas Mr. Bruin committed the same wrongful act that caused for my granted appeal to be dismissed." *Id.* at 21. The March 24, 2022, letter from the court of appeals states:

> This will acknowledge receipt of your letter regarding the above-styled case. In that regard, please find enclosed a copy of this Court's June 11, 2021, order [dismissing the appeal as untimely filed]. The Court does not have any record of a petition for rehearing or a notice to appeal this Court's decision to the Supreme Court of Virginia being filed in your case. Accordingly, on October 06, 2021, this Court certified its June 11, 2021, order and returned the record to the trial court.

Pet. Attach. 41, ECF No. 1-1.

Taken together, the letters Gray attaches to the Petition (dated March 24, 2022, and May 2, 2022) demonstrate that (1) the court of appeals notified Gray in the March 24, 2022, letter about the dismissal of the delayed appeal of his malicious wounding and use of a firearm convictions; (2) Gray received that letter; and (3) no later than May 2, 2022, Gray also knew De Bruin had not filed a timely notice of appeal and his appeal had been dismissed for that reason. Thus, Gray had actual knowledge of the factual predicate for his current claim no later than May 2, 2022, when he wrote the letter to the court of appeals complaining of De Bruin's ineffective assistance.

Under 28 U.S.C. § 2244(d)(1)(D), therefore, Gray had one year from May 2, 2022, to file a federal habeas petition raising this ineffective assistance claim. That one-year filing period expired on May 2, 2023. As discussed, Gray did not file his federal petition until November 22, 2023, at the earliest, more than six months after his filing period under § 2244(d)(1)(D) expired.

The federal filing period is tolled while a properly filed state post-conviction proceeding is pending. 28 U.S.C. § 2244(d)(2). Gray's state habeas petition to the Supreme Court of Virginia, filed on April 3, 2023, could not toll the federal statute of limitations period, however, because it was untimely filed. As the Supreme Court of Virginia found in dismissing that habeas action, Gray failed to file it

within the one-year state filing period prescribed in Virginia Code Ann. § 8.01-654(A)(2). A state petition dismissed as untimely under state law is not properly filed and cannot trigger tolling of the federal filing period under 28 U.S.C. § 2244(d)(2).[5] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

For the stated reasons, I conclude that Gray learned no later than May 2, 2022, about the dismissal of his belated appeal. Since he did not file his federal petition within one year from learning this vital information, I find no factual basis on which to calculate Gray's Petition as timely filed under § 2244(d)(1)(D). Therefore, I must dismiss the Petition as untimely unless Gray has demonstrated grounds on which to invoke equitable tolling.

Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).[6] "To establish grounds for equitable tolling, a petitioner must

---

[5] Gray has submitted copies of numerous letters that he wrote to various state courts in 2022 and 2023, complaining that his belated appeal had been dismissed based on counsel's errors and asking for reconsideration or other assistance to have his appeal heard. Pet. Attach. ECF No. 1-1. While these letters may demonstrate Gray's concern about his situation, they cannot be considered properly filed post-conviction proceedings that qualify to toll the federal habeas filing period under § 2244(d)(2). Moreover, Gray knew from his prior experience seeking a delayed appeal that a state habeas petition to the Supreme Court of Virginia could accomplish this purpose. Yet, he waited to pursue such a proceeding until the state habeas filing period had expired.

[6] I have omitted internal quotation marks, alterations, and citations here and elsewhere in this Opinion, unless otherwise noted.

show (1) that he has been pursuing his rights diligently *and* (2) that some extraordinary circumstance," that was "beyond his control or external to his own conduct" occurred "that prevented him from filing on time." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1096 (2024).

In Gray's unsigned response to the Motion to Dismiss, ECF No. 16, he argues that he is entitled to equitable tolling for several reasons: (1) Gray did not know, and none of the state court orders informed him, that he would need to file another state habeas petition to raise his claim about De Bruin's ineffectiveness in the delayed appeal; (2) Gray has been confined at a facility with frequent lockdowns that interfere with inmates' access to the law library; (3) Gray had shoulder surgery with resulting pain and frequent physical therapy that prevented or hindered his ability to access the law library for an unspecified time period; and (4) the dismissal of Gray's delayed appeal was based on De Bruin's negligence as Gray's court-appointed counsel. None of these allegations meet the stringent requirements to invoke equitable tolling.

It is well established that Gray's lack of knowledge about the law and applicable legal remedies, his pro se status, the failure of court orders to provide him with legal advice to file a habeas petition, and his misunderstanding of the federal habeas statute do not qualify as extraordinary circumstances outside his control for purposes of equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512

(4th Cir. 2004) (holding pro se status and ignorance of the law do not justify equitable tolling). For similar reasons, limited access to legal resources because of prison restrictions or lockdowns are not unusual circumstances for inmate litigants and thus do not provide grounds for equitable tolling. *Gaylord v. Johnson*, No. ELH-14-2734, 2016 WL 1258432, at *2–3 (D. Md. Mar. 31, 2016). Further, Gray fails to particularize how limited law library access or lockdowns delayed his ability to submit his federal habeas petition. Gray also fails to provide sufficient facts to show that his shoulder surgery and recovery process interfered with his efforts to file a federal habeas petition. Indeed, he does not indicate when these events occurred, how long the recovery or physical therapy lasted. Thus, he does not demonstrate that these incidents constituted extraordinary circumstances outside his control that prevented him from being able to file his federal habeas petition within the prescribed period. *Weigand v. Warden, Broad River Corr. Inst.*, No. 0:08-02034-SB-PJG, 2009 WL 857382, at *5 (D.S.C. Mar. 31, 2009). Finally, an attorney's miscalculation of a time deadline is not sufficient to warrant equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Based on the foregoing, I cannot find any ground on which Gray is entitled to equitable tolling. of the statute of limitations.[7]

---

[7] Procedural default considerations available in some circumstance under *Martinez v. Ryan*, 566 U.S. 1 (2012) cannot help excuse Gray's untimely filing, because *Martinez* has no applicability to cases barred by the federal statute of limitations under 28

III. CONCLUSION.

For the stated reasons, I conclude that Gray's federal petition was not timely filed under any subsection of § 2244(d)(1) and that he has not established any ground for equitable tolling. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: September 19, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

U.S.C. § 2244(d). *Couch v. Woodson*, No. 3:13CV146, 2013 WL 5933543, at *2 (E.D. Va. Nov. 5, 2013) (collecting cases).