CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ROANOKE DIVISION

| | | |
|---|---|---|
| **ADRIAN ISAIAH GRAY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:23CV00776 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DIRECTOR OF DOC,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Adrian Isaiah Gray, Pro Se Petitioner; Matthew J. Beyrau, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Petitioner, a Virginia inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which was dismissed as untimely on September 19, 2024. Gray has now submitted a letter to the court with a medical records authorization form attached. Upon review, I construe the letter as a motion for relief from the judgment (Motion) and conclude that it must be denied for the reasons that follow.

According to Gray, he submitted a form to Virginia Commonwealth University (VCU) Health authorizing the release of his confidential medical records to this court. Specifically, he elected to release his "complete right & left shoulder record." Mot. Attach. 2, Dkt. No. 25-1. He requests that this information be shared with the court to "show sufficient facts in showing good favor within my attempts to pursue the necessary means through due diligence and respectfully asking the

Court's mercy and consideration in the attempts being made to possess those documents pertaining to pages 8 through 10 of the Final Order." Mot. 1, Dkt. No. 25.

It appears that Gray is referring to the portion of my Opinion supporting the Final Order, which concluded that Gray had not demonstrated grounds on which to invoke equitable tolling of the statute of limitations. In support of that conclusion, I determined in part that

> Gray also fails to provide sufficient facts to show that his shoulder surgery and recovery process interfered with his efforts to file a federal habeas petition. Indeed, he does not indicate when these events occurred, how long the recovery or physical therapy lasted. Thus, he does not demonstrate that these incidents constituted extraordinary circumstances outside his control that prevented him from being able to file his federal habeas petition within the prescribed period.

Op. 10, Dkt. No. 19. By filing the instant Motion and attached medical records authorization form, Gray seeks reconsideration of the dismissal his habeas petition.

Rule 12 of the Rules Governing Habeas Corpus Proceedings Under § 2254 provides that the Federal Rules of Civil Procedure may be applied in habeas proceedings, so long as the Federal Rules are not inconsistent with the Rules Governing Habeas Corpus. Rule 60 of the Federal Rules of Civil Procedure permits courts to relieve a party from a final order and reopen the case under a limited set of exceptional circumstances. Fed. R. Civ. P. 60(b). Reconsideration of a judgment after its entry is an "extraordinary remedy which should be used sparingly." *Pac.*

*Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 369, 403 (4th Cir. 1998). As relevant here, "[a] motion under Rule 60(b) must be made within a reasonable time" and, under certain circumstances, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Similarly, Rule 59(e) provides a mechanism for moving to alter or amend a judgment, and such a motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(e).

Under either Rule, Gray's Motion is untimely. His habeas petition was dismissed on September 19, 2024. Now, more than two years later, he has requested release of medical records to support a basis for equitable tolling of the statute of limitations in an attempt to relitigate the issue of timeliness regarding his underlying petition. Gray has not given an explanation as to why he could not have requested relief from the Final Order sooner. *See Lynn v. Alexander*, 474 F. App'x 950, 952 (4th Cir. 2012) (unpublished) (determining that a plaintiff failed to establish a threshold showing of timeliness under Rule 60(b) where she filed her motion one year and four months after the entry of judgment and "fail[ed] to present a reasonable explanation for the delay").

Moreover, Gray argued in his Response to the Respondent's Motion to Dismiss that he had shoulder surgery at VCU "with no time to visit the law library." Pet'r's Resp. Mot. Dismiss 2, Dkt. No. 16. Thus, because Gray knew of these factual

allegations at that time, Gray cannot now assert that the requested medical information would be newly discovered evidence or demonstrate any other extraordinary circumstance warranting relief from the Final Order. Gray's Motion appears to be "nothing more than a request that the district court change its mind," and must be denied. *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).[1]

Accordingly, it is **ORDERED** that Gray's Motion, Dkt. No. 25, is DENIED.

ENTER: October 30, 2026

/s/ JAMES P. JONES
Senior United States District Judge

[1] Gray further states that he is attempting to retrieve records regarding an investigation at Lawrenceville Correctional Center, "following [multiple] deaths, overdoses, and violence, etc which caused the facility to be placed on constant extreme lockdowns/shut downs and taking over by the Department of Corrections." Mot. 1, Dkt. No. 25. To the extent he intends to challenge prison conditions, he may not do so by filing a Motion in his closed habeas case, and any allegations in that regard are not considered.